**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**YOUNGSTOWN DIVISION**

| | | |
|---|---|---|
| ALEXANDRIA TRAFICANT<br>*Plaintiff,*<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC,<br>D/B/A KOBALT TOOLS<br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO.: 4:25-cv-00803 |

**PLAINTIFF'S COMPLAINT AND JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff ALEXANDRIA TRAFICANT, ("Plaintiff"), complains of Defendant Lowe's Home Centers LLC, d/b/a Kobalt Tools ("Lowe's"), and for cause of action shows unto the Court the following:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over the subject matter of this lawsuit based on diversity of citizenship.  *See* 28 U.S.C. § 1332(a).  Lowe's is a North Carolina corporation headquartered in Mooresville, North Carolina. The plaintiff is a resident of the State of Ohio. Additionally, the amount in controversy is in excess of $75,000.

2.      This Court has jurisdiction over the parties referenced above because all or a substantial part of the events giving rise to this dispute occurred within the State of Ohio. Lowe's does business in the State of Ohio on a continuous and systematic basis, and committed a tort in the State of Ohio, namely in this District.  For the same reasons, venue is proper in this

1

District. *See* 28 U.S.C. § 1391(b)(1) and (2).

## PARTIES

3. Alexandria Traficant is a resident of Mahoning County, Ohio.

4. Lowe's is a North Carolina based corporation doing business in the County of Mahoning and State of Ohio. Lowe's headquarters is located at 1000 Lowe's Blvd., Mooresville, NC 28117-8250.

## COMMON ALLEGATIONS

5. Lowe's, a national company, designs, manufactures, markets, sells, and distributes Kobalt miter saws.

6. On or about January 7, 2025, Plaintiff, a resident of Ohio, was operating a Kobalt 10-in. miter saw (the "miter saw"). During the operation of the saw, the guard on the saw failed to operate properly. At the same time, the blade installed on the miter saw continued to turn/cut despite the fact the activation button was not engaged. As a result of these defects, Plaintiff suffered severe injuries to her hand, including the loss of her middle finger, and slicing her index finger and thumb.

7. At the time Plaintiff's hand was injured, the miter saw lacked properly functioning parts and devices, including but not limited to, (1) a properly functioning guard and (2) a blade that stops when the activation button on the miter saw is disengaged.

8. Similarly, the miter saw lacked appropriate safety mechanisms and redundancies to prevent the miter saw's blade from spinning when not engaged. Such redundancies would prevent the miter saw's blade from unexpectedly spinning and cutting an operator's hand.

9. Given the miter saw's deficient design and manufacture, the miter saw came cut

Plaintiff's hand during its operation causing severe and permanent injuries to Plaintiff's hand.

## COUNT I
## NEGLIGENCE, GROSS NEGLIGENCE, WILLFUL AND WANTON CONDUCT

10. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

11. At all relevant times, Lowe's designed, selected, inspected, tested, assembled, equipped, marketed, distributed, and sold the subject miter saw.

12. Lowe's had a duty to exercise reasonable care in in the design, manufacture, testing, marketing, and distribution into the stream of commerce of the subject miter saw, including a duty to ensure that subject miter saw did not pose a significantly increased risk to consumers.

13. At all relevant times, as designed, selected, inspected, tested, assembled, equipped, marketed, distributed, and sold by Lowe's, the subject miter saw was defective, unreasonably dangerous and unsafe to foreseeable users because the miter saw was subject to unexpectedly engaging and failed to provide the degree of occupant protection, and safety, that a reasonable consumer would expect in the real world environment of the miter saw's expected use.

14. At all relevant times, Lowe's was negligent, grossly negligent, willful, wanton, reckless, and careless in the design and/or manufacture of the subject miter saw. Accordingly, Lowe's breached the duty of care owed to Plaintiff.

15. Lowe's failed to exercise reasonable care in the design, manufacture, testing, marketing, and distribution into the stream of commerce of the subject vehicle. Further, Lowe's failed to label the product so as to reasonably warn consumers of the potential for danger.

16. Lowe's knew or should have known that the product was not properly and

carefully manufactured, designed, tested, inspected, installed, assembled, delivered, molded, warned, and labeled, such that if any member of the general public used the product, it would be a substantial factor in causing serious and permanent injury.

17. The condition of the product was known to Lowe's or should have been discovered by Lowe's through the exercise of ordinary care and reasonable diligence but was not disclosed or made known to purchasers or users of the product, including, Plaintiff.

18. At all times herein, purchasers of the product, including Plaintiff, had no knowledge of the defective condition of the product or of any danger in the use of the product.

19. By engaging in the acts described and alleged in this complaint, Lowe's violated statutes, rules, standards, regulations, or guidelines applicable to Lowe's conduct, including laws and regulations relating to the manufacture, distribution, and sale of the product.

20. The statutes, regulations, standards, and guidelines Lowe's violated were drafted, written, and designed to prevent the type of incidents and injuries that occurred in this case, and Plaintiff is among the class of persons the statutes, regulations, standards, and guidelines were designed to protect.

21. Despite the fact that Lowe's knew or should have known that the subject miter saw was deficient, therefore giving rise to Plaintiff's injuries and suffering, Lowe's continued to market the subject miter saw as a safe tool.

22. The miter saw reached Plaintiff without substantial change in its condition from the time it was originally sold by Lowe's.

23. As a direct and proximate cause of Lowe's negligence, Plaintiff has suffered significant damages, including but not limited to pain and suffering, economic loss, physical injury, death, and other damages allowed by law.

24.     By reason of the foregoing, Plaintiff is entitled to recover damages, in excess of $75,000, for all general and special damages suffered by Plaintiff as a result of the incident, which was proximately caused by Lowe's negligent and grossly negligent acts and/or omissions. Therefore, Plaintiff demands judgment against Lowe's for all actual and compensatory damages that Plaintiff suffered, as well as for punitive damages in an amount sufficient to keep such wrongful conduct from being repeated, together with interest, if applicable, for all costs of this action, and for any other further relief that may be deemed just and proper.

## COUNT II
## STRICT PRODUCTS LIABILITY (DESIGN AND MANUFACTURING DEFECT)

25.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

26.     Lowe's was the manufacturer of the miter saw at issue in this matter.

27.     The miter saw was defective in its design, manufacture, and marketing when Lowe's placed the vehicle into the stream of commerce. The defects included, but are not limited to, the failure to equip the miter saw with properly functioning parts and devices, including but not limited to, appropriate safety features such as guarding and features that would prevent the miter saw blade from continuing to spin when the device is not engaged. Similarly, the miter saw lacked proper safety mechanisms and/or redundancies, including but not limited to, safety features to ensure the blade is not spinning after the miter saw is disengaged and proper guarding to protect the operator's hands and/or body.

28.     At all relevant times, Lowe's knew and intended that the product would be purchased and utilized by members of the general public, who would rely on Lowe's to safely design, manufacture, market and distribute the product in a safe manner and to transmit any relevant warnings about the product.

29. Further, the miter saw lacked warnings about: 1) how to safely operate the miter saw in light of the fact that it lacked proper safety devices and 2) the risks and dangers posed to operators utilizing the miter saw given that the miter lacked appropriate safety features, including but not limited to, guarding features that worked properly and safety features that would prevent the miter saw blade from continuing to spin when the device is not engaged.

30. As a result of these defects, the miter saw was unreasonably dangerous and posed an unreasonable risk of harm to Plaintiff when used for the purpose for which it was intended.

31. Lowe's manufactured and designed the product defectively or knew its manufacture or design was defective, or both, causing the product to fail to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner.

32. Moreover, the risks inherent in the product's design and manufacture outweigh any benefits of that design.

33. As a result of the aforementioned dangerous and defective condition of the product, and Lowe's failure to warn as alleged herein, Plaintiff was injured and suffered damages as alleged.

34. The miter saw reached Plaintiff without substantial change in its condition from the time it was originally sold by Lowe's.

35. At all times relevant, Lowe's intentionally engaged in conduct which exposed the user of the product to a serious potential danger known to Lowe's which decision was based on their choice to advance their own pecuniary interest. As such, this conduct was an act in conscious disregard of the safety of persons such as Plaintiff and presents the proper circumstance for the imposition of punitive and exemplary damages, in such amount according to proof at trial.

36. In light of the foregoing, Plaintiff demands judgment against Lowe's for all actual and compensatory damages, in excess of $75,000, that Plaintiff suffered, as well as for punitive damages in an amount sufficient to keep such wrongful conduct from being repeated, together with interest, if applicable, for all costs of this action, and for any other further relief that may deemed just and proper.

## COUNT III
## STRICT PRODUCTS LIABILITY (FAILURE TO WARN)

37. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

38. The product was in a dangerous and defective condition when introduced into the stream of commerce by Lowe's. The product was so defective that when used in a way that was reasonably foreseeable, the potential risks of the product created a substantial danger to users of the product and others and could and would cause those serious injuries.

39. The product had potential risks that were known or knowable by the use of scientific knowledge available at the time of manufacture, distribution and sale of the product.

40. Lowe's knew, or in the exercise of reasonable care, should have known that the potential or inherent risks presented a substantial danger to users of the product because Defendant possessed special knowledge of the materials, design, character and assemblage of the product.

41. Without adequate safety devices, and the above-described warnings, the miter saw posed an unreasonable risk of physical harm to anyone operating it because they were significantly more likely to have the miter saw unexpectedly engage and drop onto an operator's hand.

42. Plaintiff and ordinary consumers would not recognize, nor have knowledge that

the product was dangerous and defective.

43.     Although possessed of special knowledge of the potential risks and substantial danger to users of the product and others, Lowe's failed to adequately warn or instruct purchasers of the potential risks and dangerous and defective conditions of the product.

44.     The miter saw, including any warnings included with the miter saw, reached Plaintiff without substantial change in its condition from the time it was originally sold by Lowe's.

45.     As a direct and proximate result of Lowe's failure to warn, the miter saw was rendered unreasonably dangerous, and Plaintiff suffered the injuries and damages described herein. The lack of sufficient warning or instructions was a substantial factor in causing Plaintiff's harm.

46.     In light of the foregoing, Plaintiff demands judgment against Lowe's for all actual and compensatory damages, in excess of $75,000, as well as for punitive damages in an amount sufficient to keep such wrongful conduct from being repeated, together with interest, if applicable, for all costs of this action, and for any other further relief that may deemed just and proper.

## JURY DEMAND

49.     Plaintiff hereby demands a trial by jury as to all claims in this action.

## PRAYER FOR RELIEF

50.     WHEREFORE, Plaintiff prays for judgment against Lowe's as follows:

   a.     For compensatory damages requested and according to proof;

   b.     For punitive or exemplary damages against Lowe's;

c.      For all applicable statutory damages of the State of Ohio whose laws will govern this action;

d.      For an award of attorney's fees and costs;

e.      For prejudgment interest and the costs of suit; and

f.      For such other and further relief as this Court may deem just and proper.

Respectfully submitted,

/s/ Ashlie Case Sletvold
Ashlie Case Sletvold
**Peiffer Wolf Carr Kane Conway & Wise, LLP**
6370 SOM Center Rd., Suite 108
Cleveland, Ohio 44139
Phone: (216) 260-0808
asletvold@peifferwolf.com

**WILLIAMS HART & BOUNDAS, LLP**

By: /s/ Cesar Tavares
Cesar Tavares
State Bar No. 24093726
Alma J. Reyes
State Bar No. 24064392
Michael Samaniego
State Bar No. 24115715
Alejandro Salicrup
State Bar No. 24138723
8441 Gulf Frwy, Suite 600
Houston, Texas 77017-5001
(713) 230-2200- Tel.
(713) 643-6226- Fax.
TavaresLitTeam@whlaw.com

**ATTORNEYS FOR PLAINTIFF**